UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
RONALD WILLIAMS,

                Plaintiff,

  -against-

POLICE OFFICER TOTO JOHN, POLICE
OFFICER DELRIORE, PETER F. VALLONE,
JR., *Acting Judge of Supreme Court*, QUEENS
COUNTY DISTRICT ATTORNEY,

                Defendants.
----------------------------------------------------------X

**MEMORANDUM & ORDER**
23-CV-9583 (PKC) (TAM)

PAMELA K. CHEN, United States District Judge:

On December 21, 2023, Plaintiff Ronald Williams, who is currently incarcerated at Mohawk Correctional Facility and proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 against Defendants. (Dkt. 1 ("Compl.").) The Court grants Plaintiff's request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. (Dkt. 2.) For the reasons set forth below, the Court dismisses the complaint.

### BACKGROUND

Plaintiff sues several New York City police officers, state court Justice Peter F. Vallone, Jr. ("Justice Vallone"), the New York City Police Department's 106th Precinct (the "NYPD"),[1] and the Queens County District Attorney, challenging his indictment on January 30, 2020 for robbery in the second degree. (Compl. at ECF 5.) Specifically, Plaintiff alleges that Justice Vallone violated his due process rights under state criminal law and that the State did not have evidence to support the charges against him. (*Id.*) Plaintiff further alleges that neither the Queens

---

[1] Although this case's caption does not reference the NYPD, Plaintiff's complaint lists that entity as a defendant. (*See* Compl. at ECF 14.) Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

County District Attorney nor Justice Vallone responded to his motions. (*Id.* at ECF 5–6.) Plaintiff seeks damages of $166,000 from each defendant. (*Id.* at ECF 8.)

The Court takes judicial notice that Plaintiff was convicted of robbery in the third degree on January 3, 2023 and was committed to state custody on January 12, 2023. *See* Mem. & Order, *Williams v. Hilton*, No. 23-CV-8955 (PKC) (E.D.N.Y. Jan. 24, 2024), ECF No. 6 (dismissing without prejudice as premature Plaintiff's federal habeas corpus challenge to Queens County Indictment No. 00030/2020); Incarcerated Lookup, DEP'T OF CORRS. & CMTY. SUPERVISION, https://nysdoccslookup.doccs.ny.gov/ (last visited Mar. 5, 2024) (Plaintiff identified by DIN 23R0092). Plaintiff also filed a civil rights complaint related to Indictment No. 00030/2020, which was dismissed in part and stayed in part. *See* Mem. & Order, *Williams v. Kron*, No. 20-CV-4593 (PKC) (TAM) (E.D.N.Y. June 9, 2021), ECF No. 14 (administratively closing case, which may be reopened by Plaintiff as to Police Officer John Toto upon the resolution of Plaintiff's state criminal case).

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the Court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)); *see*

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a pro se complaint liberally").

In addition, the Prison Litigation Reform Act, 28 U.S.C. § 1915A, requires a court to review the complaint in a civil action in which a prisoner seeks redress from a governmental entity or from officers or employees thereof, and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Similarly, pursuant to the IFP statute, a district court must dismiss a case if the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Abbas*, 480 F.3d at 639.

## DISCUSSION

Plaintiff brings his claims pursuant to 42 U.S.C. § 1983. That section provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Thus, Section 1983 provides a vehicle for redressing the deprivation of civil rights. "Section 1983 'is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes.'" *Conklin v. Cnty. of Suffolk*, 859 F. Supp. 2d 415, 438 (E.D.N.Y. 2012)

3

(quoting *Baker v. McCollan*, 443 U.S 137, 144 n.3 (1979)).  In order to maintain a Section 1983 action, a plaintiff must show that the defendant acted under color of state law to deprive the plaintiff of a right arising under the Constitution or federal law.  *See Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (citing *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1984)).

**I.      Justice Peter F. Vallone, Jr.**

Judges generally have absolute immunity from suit with respect to judicial actions.  *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam); *Shtrauch v. Dowd*, 651 F. App'x 72, 73 (2d Cir. 2016) (summary order) ("It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." (quoting *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009))).  "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity."  *Mireles*, 502 U.S. at 12 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)).  Judicial immunity "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority."  *Id.* at 11, 13.

Here, Plaintiff alleges that Justice Vallone violated his due process rights and "failed to make a ruling" on Plaintiff's "C.P.L. 30.30 motions [filed] between November 2021 and February 2022."  (Compl. at ECF 5–6.)  Plaintiff also alleges that "a decision was rendered on December 22, 2021 denying his motion."  (*Id.* at ECF 6.)  Justice Vallone's actions were taken in connection with the criminal proceeding against Plaintiff and thus were performed "in his judicial capacity."  *See Mireles*, 502 U.S. at 12.  Therefore, even if that judicial action was in error or bad faith, Justice Vallone is immune from suit and must be dismissed.  *See* 28 U.S.C. § 1915A(b).

4

## II.     Queens County District Attorney

"A prosecutor acting in the role of an advocate in connection with a judicial proceeding is entitled to absolute immunity for all acts 'intimately associated with the judicial phase of the criminal process.'" *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) ("[A]bsolute immunity protects a prosecutor from § 1983 liability for virtually all acts, regardless of motivation, associated with his function as an advocate."); *Burns v. Reed*, 500 U.S. 478, 490 (1991) (noting "the common-law immunity extended to a prosecutor's conduct before a grand jury"). Thus, a prosecutor enjoys absolute immunity with respect to the decision of "whether to bring charges and present[] a case to a grand jury or a court, along with the tasks generally considered adjunct to those functions, such as witness preparation, witness selection, and issuing subpoenas." *Simon*, 727 F.3d at 171; *see Shmueli v. City of New York*, 424 F.3d 231, 237 (2d Cir. 2005) ("[T]he prosecutor has absolute immunity for the initiation and conduct of a prosecution 'unless [he] proceeds in the clear absence of all jurisdiction.'"). This immunity even extends to allegations that the prosecutor conspired to present false evidence at trial, *see Dory*, 25 F.3d at 83, knowingly used false testimony, *see Shmueli*, 424 F.3d at 237, or deliberately withheld exculpatory evidence, *see id*. Furthermore, "[w]hen prosecuting a criminal matter, a district attorney in New York State, acting in a quasi-judicial capacity, represents the State[,] not the county," and is therefore "entitled to invoke Eleventh Amendment immunity." *Ying Jing Gan v. City of New York*, 996 F.2d 522, 536 (2d Cir. 1993) (citation omitted).

Here, Plaintiff alleges that the Queens County District Attorney did not "have any supporting evidence of the charges" against him and failed to respond to his state court motions. (Compl. at ECF 5–6.) The District Attorney is entitled to absolute immunity under the Eleventh

5

Amendment as well as absolute prosecutorial immunity because the allegations relate to actions taken "in the role of an advocate in connection with a judicial proceeding." *Simon*, 727 F.3d at 171.  Therefore, the Queens County District Attorney is immune from suit and must be dismissed. 28 U.S.C. § 1915A(b).

### III.    New York City Police Department, 106th Precinct

Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."  N.Y. City Charter Ch. 17 § 396.  That provision has been construed to mean that New York City departments—such as the NYPD—as distinct from the City itself, lack the capacity to be sued. *See Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (NYPD not a suable entity); *Adams v. City of New York*, No. 21-CV-3956 (RPK), 2023 WL 2734611, at *7 (E.D.N.Y. Mar. 31, 2023) (police precinct not a suable entity).  Therefore, the complaint is dismissed as to the NYPD for failure to state a claim.  28 U.S.C. § 1915A(b).

### IV.    Police Officers John and Delriore (or Delpriore)[2]

As a prerequisite to a damages award under Section 1983, a plaintiff must allege the defendant's direct or personal involvement in the alleged constitutional deprivation.  "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."  *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (citing *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)).  A Section 1983 complaint that does not allege the personal involvement of a defendant fails as a matter of law.  *See Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997); *Blackson v. City of New York*, No. 14-CV-452, 2014 WL

---

[2] Plaintiff's complaint refers to both "Police Officer Delriore" and "Police Officer Delpriore."  (Compl. at ECF 3, 7.)

6

6772256, at *2 (S.D.N.Y. Dec. 2, 2014) (dismissing claims where plaintiff made "no specific allegations" about defendants' conduct apart from naming them as defendants).

Although Plaintiff alleges that he was arrested on August 17, 2019 and "charged with forgery 1st . . . by Police Officer Toto John . . . [and] complaint report entered by Delpriore," Plaintiff fails to make any factual allegations that these Defendants violated his rights.[3] (Compl. at ECF 7.)  Rather, Plaintiff challenges actions taken by the Justice and the Queens County District Attorney in his subsequent criminal case for robbery.  (*See generally* Compl.)  Moreover, any claims related to actions that occurred on August 17, 2019, are likely time-barred, as Section 1983 claims must be filed within three years from when the cause of action accrued, and this action was filed on December 21, 2023.  *See Owens v. Okure*, 488 U.S. 235, 249–51 (1989); *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009); *see also Wallace v. Kato*, 549 U.S. 384, 397 (2007) (explaining that the statute of limitations for a false arrest claim generally "begins to run at the time the claimant becomes detained pursuant to legal process").  Therefore, the complaint is dismissed as to Police Officers John and Delriore (or Delpriore) for failure to state a claim.  28 U.S.C. § 1915A(b).

## CONCLUSION

Accordingly, the complaint, filed IFP, is dismissed as set forth above.  *See* 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).  Should Plaintiff have a good faith basis on which to proceed against

---

[3] The elements of a false arrest claim are "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Hernandez v. United States*, 939 F.3d 191, 199 (2d Cir. 2019) (citation omitted).  The Court notes that "the common-law rule, equally applicable to actions asserting false arrest, false imprisonment, or malicious prosecution, was and is that the plaintiff can under no circumstances recover if he was convicted of the offense for which he was arrested" because "where law enforcement officers have made an arrest, the resulting conviction is a defense to a § 1983 action asserting that the arrest was made without probable cause." *Cameron v. Fogarty*, 806 F.2d 380, 387–89 (2d Cir. 1986).

Police Officer Toto John, he may do so by filing a motion to reopen in *Williams v. Kron*, No. 20-CV-4593 (PKC), as set forth therein.

The Clerk of Court is respectfully directed to enter judgment and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: April 4, 2024
      Brooklyn, New York